(75 App. Div. 197.)

HOLROYD et al. v. TOWN OF INDIAN LAKE.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. TOWN — CONTRACT — WATER COMMISSIONERS—APPOINTMENT—ACTION — COMPLAINT.

 Plaintiffs in their complaint alleged that the defendant town, "by its officers, agents, and servants, the water commissioners," entered into a contract for the construction of certain waterworks for the town; that they had performed the contract; and that certain sums due thereunder were unpaid. Laws 1900, c. 451, provides that, on a petition being filed and certain steps taken, a town board may establish a water district and appoint three- taxpayers as water commissioners, who shall make contracts for the construction of the water system. Held that, in the absence of allegations showing that such preliminary steps were taken, and that the commissioners were duly appointed, the complaint stated no cause of action.

Appeal from special term.

Action by Fred A. Holroyd and another against the town of Indian Lake. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

J. A. Kellogg, for appellant.
J. W. Atkinson, for respondents.

FURSMAN, J. The complaint alleges the copartnership of the plaintiffs; that the defendant is a municipal corporation; that in July, 1900, the defendant, "by its officers, agents, and servants, the water commissioners of the water district of Blue Mountain Lake," entered into an agreement in writing with the plaintiff, and in August, 1900, the same parties entered into a second agreement, as supplemental to and made by its terms a part of the agreement of July above mentioned. Both these agreements are set out in full and annexed to and made part of the complaint. These agreements, read together, constitute a single contract, and provide for the construction of a water system for a part of the town of Indian Lake. The complaint then avers performance of the contract by plaintiffs, and that there became due thereunder the sum of $6,902.30, which the defendant has refused to pay. A second alleged cause of action is

for the loss of materials to the amount of $4,200, and a third is for loss of prospective profits to the amount of $3,000. The defendant demurs to the complaint on the ground that it fails to state a cause of action.

These contracts were entered into in pursuance of chapter 451 of the Laws of 1900. This law provides that, upon a certain prescribed petition, a town board may establish a water district outside of any village or city, and wholly within the town. It provides for maps and plans showing the sources of water supply, and a description of the lands, streams, and water rights to be taken. These are to be filed in the office of the town clerk, and a certified copy of the map in the office of the county clerk. If the town board find the petition sufficient, they are to make an order establishing the water district, and appointing three taxpayers of such district as water commissioners. These commissioners are to advertise for proposals, and make a contract or contracts for the construction of a water system for the proposed district. To defray the expense the town board is required to issue town bonds, which are to be a charge upon the town, and collected from the property in the water district. This is as much of the act of 1900 as it is necessary to here state. The complaint fails to aver that any of the preliminary steps required by the act of 1900 were taken. So far as alleged, certain persons, claiming to act on behalf of the town as water commissioners, entered into a contract by which the town purports to be bound; but whether they were in fact water commissioners, whether a petition such as the law requires was ever presented to the town board, whether the board ever determined, as required by section 4 of the act, that a majority of the resident owners of the real property in the proposed district owning a majority in value of the taxable real property therein had petitioned, and whether the board had ever fixed the boundaries of the water district, or appointed the persons who assumed to act as water commissioners, is not alleged. These persons are not general town officers, but can only be created and clothed with such powers as the statute prescribes upon every preliminary step required being complied with. They are powerless to contract for the town except as the town board may create them, and they can only be created under the circumstances and upon the condition prescribed in the act. It is not enough, therefore, to allege in general terms that they were the agents and servants of the town. Jurisdiction and authority to act must be alleged in order to state a cause of action for a breach of a contract entered into by them, and for this purpose each statutory requirement should be set out. Because of this defect, the complaint is insufficient, and it is not necessary to examine the other questions raised by this appeal. As to those it is not the duty of this court to point out what should or should not be pleaded.

The judgment should be reversed, and the demurrer sustained, with costs, with the usual leave to amend on payment of costs. All concur, PARKER, P. J., in result.